# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20730
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES KELLY HILTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-293-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

James Kelly Hilton appeals the 480-month, within-guidelines sentence he received following his guilty plea conviction to one count of sexual exploitation of a minor and one count of possession of child pornography, challenging the procedural and substantive reasonableness of his sentence. Hilton contends that the district court failed to adequately explain his sentence by not addressing his arguments for a below-guideline sentence. He further

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

urges that the district court gave insufficient weight to his minimal criminal history and the mitigating evidence of his mental health.

In reviewing sentences for reasonableness, we first determine whether the district court committed a significant procedural error, including "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We ordinarily review the substantive reasonableness of the sentence for abuse of discretion, *id.*, but where the defendant failed to preserve an error in the district court, we review for plain error, *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Hilton did not object to either the procedural or substantive reasonableness of his sentence in the district court. Although Hilton acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of the sentence imposed in the district court, he seeks to preserve the issue for further review. To show plain error, Hilton must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018).

At sentencing, the district court listened to Hilton's arguments for a lower sentence, including his immediate confession when confronted by authorities, his mental health issues, and his acknowledgement of his need for help. The court reviewed relevant evidence, including a psychological evaluation of Hilton and numerous victim impact statements. In imposing the sentence, the district judge explained his concerns about the likelihood that Hilton would repeat his actions and the lifelong harm he caused to his victims, and expressed his hope that Hilton get the treatment he needed. Even if the

district court "might have said more," the record makes clear that the court considered "the evidence and arguments," and its statement of reasons for the sentence imposed was "legally sufficient." *Rita v. United States*, 551 U.S. 338, 358-59 (2007); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (stating that the reasons must be sufficient to permit the appellate court to conduct a meaningful review).  Thus, Hilton has not shown a clear or obvious error with respect to the adequacy of the reasons for the sentence imposed.  *See Puckett*, 556 U.S. at 135.  Moreover, Hilton concedes he cannot show that a more thorough explanation would have resulted in a lower sentence, and therefore he cannot prevail with this claim on plain error review. *See Mondragon-Santiago*, 564 F.3d at 364-65.  He raises the argument solely to preserve it for possible further review.

Because the district court imposed a sentence within the properly calculated guidelines range, Hilton's sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The district court was aware of Hilton's minimal criminal history and mental health issues, as it reviewed his presentence report and psychological evaluation before sentencing him.  His dissatisfaction with the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence, as he has not shown that the district court failed to consider any significant factor, gave undue weight to any improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.